UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ROSEANN NEUMEISTER,

                     Plaintiff,

     -against-

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No: 20-cv-4978 (FB)

*Appearances*:
*For the Plaintiff*:
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: SCOTT C. ACKERMAN
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     Roseann Neumeister seeks review of the Commissioner of Social Security's denial of her disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings.  For the following reasons, plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the matter is remanded for further proceedings consistent with this opinion.

## I.

Roseann Neumeister, 60 years old at the time of her original claim, first filed for benefits on March 10, 2015, citing disability from Chronic Obstructive Pulmonary Disease (COPD), as well as cardiovascular disease consisting of a mitral valve disorder.

Her initial application was denied on August 11, 2015.  Upon review, Administrative Law Judge ("ALJ") Jack Russak affirmed the decision on October 26, 2017.  Neumeister appealed to the Appeals Council who vacated the ALJ's decision on January 14, 2019 and remanded the case for another hearing.  The ALJ again determined the plaintiff was not disabled on October 28, 2019.

In 2013, Dr. Olajitan, Neumeister's primary doctor, diagnosed her with symptoms linked to COPD. Despite treatment, when the COPD persisted, she filed her claim. Dr. Frank Acerra, who specializes in pulmonology, was Neumeister's treating physician from 2016 to 2019.  He diagnosed her with COPD and emphysema and found that the plaintiff could lift/carry less than 10 pounds, and could stand/walk for less than 2 hours in an 8-hour workday.

Drs. Chitoor Govindaraj and Emmanuel Gelin were brought in by the Social Security Administration as consulting physicians.  In 2015, Dr Govindaraj found that the patient had no restrictions in sitting, standing, walking or any lifting weight restrictions.  In 2016, Dr. Emmanuel Gelin determined there were no limitations in

plaintiff's capacity for lifting, carrying, standing, walking, and climbing but found that the patient had severe airway obstruction with low vital capacity.

In his decision, the ALJ gave "great weight" to the medical opinions of the two consulting physicians. The ALJ also found the plaintiff's Residual Functional Capacity ("RFC") was at the medium work level though the treating physician determined the plaintiff could not functionally work at even the sedentary level.

## II.

"In reviewing a final decision of the commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Social Security*, 562 F.3d 503, 507 (2d Cir. 2009).

The treating physician rule requires the ALJ to give "controlling weight" to the opinion of the treating physician "as to the nature and severity of the impairment" unless it is "inconsistent with other substantial evidence in [the] case record." *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 9 (2d Cir. 2020) (quoting *Burgess v.*

*Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).[1]

When deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019). First, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id*. at 95. Then, "if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give" and must "explicitly consider" the four nonexclusive *Burgess* factors: (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist. *Estrella v. Berryhill*, 925 F.3d at 95-96 (*citing Burgess,*537 F.3d at 129 and 20 C.F.R. § 404.1527(c)(2)). "We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." C.F.R § 404.1527 (5).  In its review, this Court must now determine "whether the record otherwise provides good reason" for the weight assigned by the ALJ to the medical opinions.  *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019).

---

[1] The treating physician's rule applies because Neumeister's application was filed prior to March 27, 2017. 20 C.F.R. § 404.1527.

### III.

The ALJ did not properly apply the treating physician's rule. The ALJ did not explicitly consider the factors in 20 C.F.R. § 404.1527. That alone is reason to remand. *Estrella v. Berryhill*, 925 F.3d 90, 95-96, 98 (2d Cir. 2019) ("When an ALJ does not explicitly consider these factors, remand is required for further proceedings.").

The ALJ further erred by giving "great weight" to the opinions of the two consulting physicians and by declining to give the treating physician's opinion "controlling weight" when evaluating Neumeister's disability.

Dr. Acerra, who specializes in pulmonology and treated Neumeister for several years, determined that she could no longer do medium and light work. He stated in his evaluation: "In point of fact, the plaintiff's abilities for carrying/lifting and standing/walking are so limited that she lacks the capacity for sustained employment at even the sedentary level."

In contrast, the two consulting physicians only saw the plaintiff once and are not specialized in pulmonology. Further, the consultants' conclusions directly contradicted the treating physician's recommendation. Yet the ALJ, relying on their diagnoses, determined that the plaintiff was able to perform medium level work. In doing so, the ALJ applied "great weight" to the two examination reports from the consulting physicians. This was improper.

5

The ALJ's disregard of the treating physician's recommendation was a blatant rejection of the proper legal standard.  Not only was Dr. Acerra the treating physician to the plaintiff, whose opinion should have been given controlling weight under the treating physician rule, but he is also a specialist which should have conferred more weight on his recommendation regarding Neumeister's ability to perform at the work level found by the ALJ.  The agency "generally gives more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R §§ 404.1527(d)(5).

Further, there is not substantial evidence to support the ALJ's conclusion that Neumeister was able to do medium, or even light, work. Her symptoms were coughing, wheezing shortness of breath, an inability to perform normal tasks and these symptoms were supported by COPD tests conducted by Dr. Aceera. Her previous job as a medical assistant, only required light work.  These facts support the treating physician's diagnosis and contradict the consulting physicians' diagnoses.  The ALJ acknowledged that the plaintiff had not performed any substantial gainful activity since applying for benefits, yet still determined she was capable of working at a medium level—an even higher level than her previous job. The ALJ can neither substitute his own opinion for the experts, nor cherry-pick the facts to support her conclusion. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical

opinion.'") (quoting *McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983)); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

## CONCLUSION

For the foregoing reasons, Neumeister's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED for further consideration consistent with this opinion.

**SO ORDERED.**

_____
/S/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 27, 2022

7